FILED'08 OCT 07 15:43USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JAVIER VAGE, | ) | |
| | ) | Civil No. 06-938-PK |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN BELLEQUE, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Respondent. | ) | |

Lisa Hay
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon  97204

    Attorney for Petitioner

Hardy Myers
Attorney General
Lester R. Huntsinger
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

    Attorneys for Respondent

///

1 – FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Javier Vage brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his convictions for Assault with a Firearm, Unlawful Use of a Firearm, and Felon in Possession of a Firearm.  For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On April 18, 1997, the Marion County Grand Jury returned an indictment charging Vage with Assault in the Second Degree with a Firearm, Unlawful Use of a Firearm, and Felon in Possession of a Firearm.  Respondent's Exhibit 102.  A jury found Vage guilty on all counts and the court imposed consecutive sentences totaling 148 months plus a period of post-prison supervision.  Respondent's Exhibit 101, p. 1.

Vage directly appealed his sentence, but the Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court denied review.  State v. Vage, 159 Or. App. 426, 978 P.2d 459 (1999), rev. denied 332 Or. 632, 34 P.2d 1179 (1999); Respondent's Exhibits 103-107.

Vage next filed for post-conviction relief ("PCR") in state court.  The PCR trial court denied relief.  Vage v. Lampert, Malheur County Circuit Court Case No. 02-01-1646M.  On appeal, the Oregon Court of Appeals affirmed without a written opinion, and the

Oregon Supreme Court denied review. <u>Vage v. Lampert</u>, 204 Or. App. 254, 129 P.3d 804 (2006), <u>rev. denied</u> 340 Or. 484, 135 P.3d 319 (2006); Respondent's Exhibits 120-124.

On June 29, 2006, Vage filed this action. His grounds for relief can be summarized as follows:

1.  Trial counsel rendered ineffective assistance of counsel during the guilt phase when he:

    (a)  failed to prepare adequately for trial;

    (b)  failed to thoroughly investigate facts surrounding the charge and possible defenses;

    (c)  failed to retain an expert on guns and ammo;

    (d)  failed to retain an investigator to interview witnesses or examine other statements in the police reports;

    (e)  failed to obtain an independent evaluation of ballistic or forensic evidence;

    (f)  failed to properly advocate in Vage's defense; and

    (g)  failed to advocate with professional skill and judgment;

2.  Trial counsel rendered ineffective assistance of counsel during the sentencing phase when he failed to object to the imposition of an excessive and unlawful sentence on Count II (Unlawful Use of a Weapon). Count II is a Class (C) felony with a maximum sentence of five years. Vage received 60 months incarceration plus 24 months post-prison supervision which exceeds the lawful sentence by 24 months; and

3.  Vage was denied the adequate and effective assistance of counsel in the trial.

Respondent asks the court to deny relief on the Petition because all grounds for relief are unexhausted and procedurally

defaulted and because Vage does not seek relief on the claims set

forth in the *pro se* Petition.   In addition, respondent argues that

the claims Vage does brief in his supporting memorandum should be

denied on the basis:   (1) that none of them are contained in the

Petition; (2) that any guilt phase ineffective assistance claims

(to the extent that any are argued in the supporting memorandum)

are unexhausted and procedurally defaulted and Vage does not argue

that the default should be excused; (3) that the argued due process

sentencing phase claims are unexhausted and defaulted and that the

actual innocence exception does not excuse their default; and

(4) that the <u>Strickland</u> standard does not apply to claims of

ineffectiveness regarding non-capital sentencing errors and counsel

was not ineffective for failing to object under state and federal

law.   Respondent's Response to Habeas Corpus Petition (#24), p. 1;

Respondent's Reply (#48), pp. 1-2.

## DISCUSSION

### I.   Abandoned Claims (Grounds One through Three *pro se* Petition)

Notwithstanding the fact that respondent addressed the claims

set forth in the *pro se* Petition, Vage does not seek habeas relief

on those Grounds.   While he discusses some of the claims in the

"Statement of Facts and Procedural History" section of his

supporting memorandum, he does not dispute respondent's assertion

that these claims are procedurally defaulted.   Accordingly, the

court deems Vage's *pro se* claims abandoned.   See <u>Renderos v. Ryan</u>,

469 F.3d 788, 800 (9th Cir. 2006)(counsel for petitioner waived claims in petition for writ of federal habeas corpus, where counsel did not attempt to set forth the legal standards for such claims or attempt to meet them).[1]

## II.  **Newly Raised Claims**.

Petitioner seeks habeas relief based on his contention that his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution were violated when:

> (1) he received consecutive sentences without the required fact-findings under state law, and (2) when he received consecutive sentences based on facts found by a judge, and not by a jury beyond a reasonable doubt.  In addition, he received ineffective assistance of counsel when counsel failed to object under federal law on both of these grounds to the sentences.

Memorandum in Support (#44), p. 8.

Because Vage did not raise these claims in his Petition, they are not properly before the court.  See Rule 2 of the Rules Governing § 2254 Cases (requiring all claims to be stated in the Petition, itself); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994)("A Traverse is not the proper pleading to raise additional grounds for relief.  In order for the State to be properly advised of additional claims, they should be presented in an amended petition or . . . as a statement of additional grounds.")

---

[1]    The state apparently concedes Vage's attorney's performance was deficient with regard to *pro se* Ground Two, but contends no prejudice resulted.  Respondent's Reply (#48), p. 3.

Counsel for Vage contends that Vage erroneously failed to complete the third ground for relief in his *pro se* Petition and asks the court to constructively amend it to include trial counsel's failure to object to the consecutive sentences on the same grounds as raised in post-conviction proceedings, or in the alternative, asks that Vage be granted leave to file a First Amended Petition adding these claims. Memorandum in Support (#44), p. 8. However, as respondent correctly notes, even if the court allowed amendment as proposed by Vage, his sentencing error claims would not be in the Petition as required under Rule 2.

Nevertheless, even assuming amendment adding the sentencing error claims to the Petition was proper and allowed by this court, Vage concedes they are procedurally defaulted. See Memorandum in Support (#44), p. 9. Vage nonetheless asserts that "although the first claim (and the related ineffectiveness argument) was not raised in the Oregon Supreme Court, and the second claim (and the related argument) was not raised in the post-conviction proceedings, [ ] grounds exist to overcome those defaults." Id. I disagree.

III. **Fundamental Miscarriage of Justice Exception to Procedural Default**.

Before raising a federal habeas corpus claim a petitioner must fairly present it to his state's highest court. Castille v. Peoples, 489 U.S. 346, 351 (1989). When a petitioner fails to fairly present his claim to the state courts, and the time for

6 - FINDINGS AND RECOMMENDATION

doing so has passed, his claim is deemed procedurally defaulted. See Harmon v. Ryan, 959 F.2d 1457, 160-61 (9th Cir. 1992). A procedural default may be excused if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id at 750. In the habeas corpus context, a fundamental miscarriage of justice occurs when a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986).

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, th[e] [Supreme] Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

Schlup v. Delo, 513, U.S. 298, 321 (1995).

Accordingly, to satisfy this exception, petitioner must establish that in light of all the evidence, including new evidence, "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id at 327. To be credible, an actual innocence claim must be supported by "new *reliable* evidence . . . that was not presented at trial." Id at 324 (emphasis added).

Vage "relies specifically on his actual innocence of the sentence imposed as a basis to overcome the procedural default in

this case." Memorandum in Support (#44), p. 17.  He contends that he was not eligible for the sentence imposed because the court could not impose consecutive sentences without a jury making findings, beyond a reasonable doubt, that met the statutory requirements for consecutive sentences.  Id. at 17.  Presumably, the "new reliable evidence" Vage offers in support of his claim of actual innocence is the Oregon Supreme Court's recent determination that under the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004), the federal constitutional right to a jury trial requires that facts supporting imposition of consecutive sentences be found by a jury, rather than a judge.  State v. Ice, 343 Or. 248 (2007), pet. for cert. granted, Oregon v. Ice, 128 __ U.S. __, 128 S. Ct. 1657 (March 17, 2008).

However, even assuming the actual innocence exception applies in the non-capital sentencing context[2], Vage is unable to demonstrate actual innocence.  This is so because his conviction became final prior to Apprendi and Blakely's publication, and the Supreme Court announced new rules in Apprendi and Blakely that do not apply retroactively to cases on collateral review.  See United

---

[2]    Several circuits have held that the actual innocence exception applies to sentencing factors in non-capital cases.  See Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 171 (2d Cir. 2000); United States v. Maybeck, 23 F.3d 888, 893 (4th Cir. 1994); Haley v. Cockrell, 306 F.3d 257, 266 (5th Cir. 2002), vacated on other grounds.  However, neither the U.S. Supreme Court nor the Ninth Circuit has held that the actual innocence exception applies in the non-capital sentencing context.  Dretke v. Haley, 541 U.S. 386 (2004).

States v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir. 2002); United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005); Schardt v. Payne, 414 F.3d 1025, 1034-36 (9th Cir. 2005); Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246 (9th Cir.), cert. denied, 546 U.S. 944 (2005).

Moreover, to the extent that Vage invokes the miscarriage of justice exception to procedural default on the basis that the trial court did not apply its own state law, he presents no new evidence to satisfy the exception.

## IV. **The Merits**

Notwithstanding my determination that petitioner's claims have been abandoned or are procedurally defaulted, and that he cannot overcome his default, because it is unclear whether respondent raised procedural default as an affirmative defense with regard to petitioner's claim of ineffective assistance of counsel for failing to object to the imposition of consecutive sentences on basis that they were unwarranted under Oregon law, I will address this claim on the merits.[3]

---

[3]    Though petitioner also contends counsel was ineffective for failing to object to consecutive sentences on the basis they were unwarranted under federal law because they were based on facts found by a judge, and not by a jury beyond a reasonable doubt (Memorandum in Support (#44), p. 8), he concedes Apprendi had not been decided at the time of his sentencing and offers no further support for this ineffective assistance of counsel claim.  Id. at 16.  Regardless, petitioner would not be entitled to relief on this claim because, as noted above, Apprendi and Blakely were decided after petitioner's conviction became final and their holdings do not apply retroactively on collateral review.  Even if the Supreme court were to determine that those cases apply retroactively,

**A.    Standard of Review**

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal

---

counsel's failure to foresee the subsequent decisions in Apprendi and Blakely could not constitute ineffective assistance. See Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994)(holding that defense attorney is not ineffective for failing to anticipate a decision in a later case); Schardt, 414 F.3d at 1035 ("the rule announced in Blakely was clearly not apparent to all reasonable jurists, nor was it dictated by precedent.").

principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." Id at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id at 410. The state court's application of clearly established law must be objectively unreasonable. Id at 409. Where, as here, the state court supplies no reasoned decision, the court conducts an independent review of the record to determine whether the state court decision was objectively unreasonable. See Delgado v. v. Lewis, 223 F.3d 976, 981 (9th Cir. 2000).

**B.    Ineffective Assistance of Trial Counsel**

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." Id at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id at 694.

A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. Id at 696.

### Failure to Object to the Imposition of Consecutive Under ORS § 137.123(5)

Petitioner alleges that trial counsel was constitutionally ineffective when he failed to object to the trial court's imposition of consecutive sentences for his Assault, Unlawful Use of a Firearm, and Felon in Possession of a Firearm convictions. Petitioner asserts that counsel should have objected to the court's imposition of consecutive sentences on the basis that the court failed to make the requisite statutory findings supporting consecutive sentences, and in fact relied on impermissible grounds (petitioner's probationary status and lack of remorse) to justify their imposition. Memorandum in Support (#44), p. 7.

Under Oregon law, to overcome the presumption that sentences on multiple counts committed at the same time should run concurrently, the court must make one of two findings:

> (a)  That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime, but rather an indication of defendant's willingness to commit more than one criminal offense.

> (b)  The criminal offense for which a consecutive sentence is contemplated caused or created a greater of causing qualitatively different loss, injury, or harm to the victim or caused or created a risk of causing loss, injury, or harm to a different victim than was caused or threatened by the other offense or offenses committed during the continuous and uninterrupted course of conduct.

Id. (quoting ORS § 137.123(5)(1995)).

Respondent concedes that the trial court failed to make the required statutory findings, but insists counsel's failure to object to the imposition of consecutive sentences on that basis did not prejudice the defense. Respondent contends, as was argued in the prosecution's sentencing memorandum, that imposition of consecutive sentences in this case was appropriate for two reasons. First, on the basis that "[petitioner's] actions constituted three separate criminal episodes: possessing the weapon as an "ex-con" prior to arriving at the crime scene; possessing the weapon at the crime scene with intent to use; and using the weapon to commit the assault." Reply (#48), pp. 11-12 (citing Respondent's Exhibit 117, p. 2). And second, on the basis petitioner's actions constituted one criminal episode in which the required findings under O.R.S. 137.123(5) could easily be made. Id. at 112. Respondent's argument is well taken.

"Stabbing a person in the chest is not 'incidental' to possessing a weapon, and the stabbing indicates that defendant was willing to commit an offense beyond the possession of the weapon. Furthermore, an inmate in possession of a weapon creates risks of qualitatively different harms and risks to different victims from those present in the offense of attempted assault." State v. Atkinson, 98 Or. App. 48 (1998). Atkinson is directly on point here: shooting a gun and hitting a person in the foot is not "incidental" to possessing a weapon, and the shooting indicates

13 - FINDINGS AND RECOMMENDATION

petitioner's willingness to commit an offense beyond possession of the gun. Furthermore, a felon in possession of a gun creates risks of qualitatively different harms and risks to victims other than those present at the assault.

Petitioner argues that the state court imposed consecutive sentences based, not on the required statutory findings, but rather on petitioner's lack of remorse, the fact that he was on probation, and the speculative possibility that his actions could have harmed a child. Memorandum in Support (#44), p. 15. According to petitioner, "[h]ad counsel pointed out that a defendant's lack of remorse is not a statutorily authorized basis for imposing consecutive sentences, the court may have reconsidered the legal basis for the consecutive sentences and agreed to allow concurrent time, which it appeared the court had been considering." Memorandum in Support (#44), pp.15 & 17. Consequently, petitioner alleges counsel's failure to object to the imposition of consecutive sentences constitutes ineffective assistance. I disagree.

Petitioner confuses the court's indecision as to whether it should exercise its discretion to impose consecutive sentences with its ultimate authority to do so. While it appears petitioner's lack of remorse, his probationary status, and the risk of harm his actions posed to children, may have ultimately persuaded the court to impose consecutive sentences, under the facts in this record, the court's authority to impose that sentence was never in doubt.

14 - FINDINGS AND RECOMMENDATION

I agree with respondent that had counsel made the objection, the court would have simply complied with the statute. Accordingly, any error on counsel's part in failing to object to the imposition of consecutive sentences was harmless.

For these reasons, my independent review of the record supports the conclusion that the state court decision denying petitioner's claims of ineffective assistance of trial counsel was not objectively unreasonable.

## RECOMMENDATION

Based on the foregoing, the Petition for Writ of Habeas Corpus (#2) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

## SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are due October 22, 2008. If no objections are filed, then the Findings and Recommendation will be referred to a United States District Judge for review and go under advisement on that date. If objections are filed, any response to the objections will be due fourteen days after the date the objections are filed and review of the Findings and Recommendation will go under advisement on that date.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and

15 - FINDINGS AND RECOMMENDATION

will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge.    These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals.    Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 7th day of October, 2008

Paul Papak
United States Magistrate Judge

16 - FINDINGS AND RECOMMENDATION